[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: MARCH 6, 1998 DATE OF APPLICATION: MARCH 6, 1998 DATE OF DECISION: OCTOBER 23, 2001
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of New Haven, Docket No. CR91-341864.
Donald Dakers, Esq. Counsel for Petitioner.
Robert O'Brien, Esq. Assistant State's Attorney, Counsel for State.
SENTENCE AFFIRMED.
 BY THE DIVISION
The petitioner was re-tried for the crime of Murder and Criminal Trespass in the First Degree. The sentencing court imposed a net effective sentence of 48 years to serve. It is this sentence petitioner seeks to have reviewed. CT Page 15941-cc
The factual basis for the conviction involves the defendant stabbing the victim to death in 1997. The petitioner had a prior relationship with the victim commencing in 1988. They lived together on and off until 1991 when the petitioner moved out and the victim obtained a restraining order against him.
On the day of the murder the petitioner called the victim and threatened her. While the victim was away from her home the petitioner forcibly entered her home. The victim arrived home and she was fatally stabbed by the petitioner. Petitioner went to the police and admitted his involvement.
The trial court commented at the time of sentencing, "And the court is fully persuaded that there is — that the defendant is fully responsible for his conduct in this case and that the defendant has already received consideration by the prior sentence of 48 years,[1]
which limits this court. And this court finds no reason to impose a lesser sentence."
Counsel for petitioner indicated before the Division that the relationship between the petitioner and the victim deteriorated when the victim became involved with another. Counsel further indicated that petitioner suffered defensive wounds to his hand during the incident and that the petitioner did not enter the apartment with the murder weapons, the knives were in the apartment.
The petitioner addressed the Division. Petitioner indicated he did not have the best (criminal) record but that he had a good work record.
Petitioner apologized to the family of the deceased and asked the Division "for a second chance at life."
The state's attorney countered that the facts of the murder are "chilling". The Counsel indicated the victim broke off the relationship with the petitioner and he (petitioner) told others that he would make (victim) pay with her life. The victim's 2 or 3 year old child was present during the killing of her mother. Counsel concluded that the petitioner had a bad criminal history which reflected violence against women.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is CT Page 15941-cd inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J.
Klaczak, J.
Norko, J.
Miano, J., Klaczak, J., and Norko, J., participated in this decision.